2014R00238/SWC

RECEIVED
SEP 27 2018
AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable William H. Walls |
| v. | : | Criminal No. 18- 586 |
| OLUMIDE JUBRIL OGUNREMI<br>a/k/a "Tony Williams" | : | 18 U.S.C. § 1349 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

## BACKGROUND

1. At various times relevant to this Indictment, defendant OLUMIDE OGUNREMI resided in or near Newark, New Jersey.

2. From at least as early as in or about July 2013 through in or about December 2013, defendant OGUNREMI and his co-conspirators operated a computer hacking and identity theft scheme that targeted a number of United States government agencies, their employees, and vendors of office products that were approved to do business with the government agencies (the "Victim Vendors").

3. In "phishing" attacks, online criminals create fraudulent websites and e-mails that mimic the legitimate websites and e-mails of entities (such as government agencies) in an attempt to trick unwitting computer users—who believe that they are dealing with legitimate websites—into

1

divulging their e-mail usernames and passwords ("Log-In Credentials). The Log-In Credentials, once stolen, can be used in furtherance of computer crimes that involve unauthorized access to online accounts.

4. Defendant OGUNREMI's co-conspirators used "phishing" attacks to trick unwitting employees of a number of government agencies (the "Victim Employees") into giving up their Log-In Credentials.

5. Defendant OGUNREMI's co-conspirators used the stolen Log-In Credentials to access the Victim Employees' e-mail accounts, which they then used to place fraudulent orders for office products from the Victim Vendors.

## THE CONSPIRACY

6. From at least as early as in or about July 2013 through in or about December 2013, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

OLUMIDE JUBRIL OGUNREMI,
a/k/a "Tony Williams,"

did knowingly and intentionally conspire and agree with others, to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice to defraud, transmitted and caused to be transmitted by means of wire communications in interstate

and foreign commerce, certain writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

## GOAL OF THE CONSPIRACY

7. It was the goal of the conspiracy for defendant OGUNREMI and his co-conspirators to enrich themselves by obtaining fraudulently ordered office products from Victim Vendors using stolen Log-In Credentials obtained through phishing attacks.

## MANNER AND MEANS OF THE CONSPIRACY

8. It was part of the conspiracy that defendant OGUNREMI's co-conspirators created fraudulent web pages ("Phishing Pages") that mirrored the legitimate webmail pages of several government agencies, including those of the United States Environmental Protection Agency and the United States Department of Commerce—Census Bureau.

9. It was further part of the conspiracy that defendant OGUNREMI's co-conspirators caused phishing e-mails to be sent to the Victim Employees in an attempt to trick the Victim Employees into visiting the Phishing Pages. These phishing e-mails appeared to be legitimate e-mails from the government agencies, but were, in fact, fraudulent e-mails that contained electronic links to the Phishing Pages. Victim Employees who clicked on the electronic links were directed to the Phishing Pages, where they saw what appeared to be the legitimate webmail log-in pages of the government agencies and were prompted for their Log-In Credentials. In some cases, Victim

Employees entered their Log-In Credentials when prompted to do so.

10.  It was further part of the conspiracy that defendant OGUNREMI's co-conspirators captured any Log-In Credentials that Victim Employees typed into the Phishing Pages, which were then transmitted to e-mail accounts that they controlled.

11.  It was further part of the conspiracy that defendant OGUNREMI's co-conspirators used stolen Log-In Credentials to access Victim Employees' e-mail accounts in order to place fraudulent orders for office products with the Victim Vendors in the names of Victim Employees.

12.  It was further part of the conspiracy that defendant OGUNREMI and his co-conspirators directed that the fraudulently ordered office products be shipped to the addresses controlled by defendant OGUNREMI and his co-conspirators, including an address in Newark, New Jersey.

13.  It was further part of the conspiracy that defendant OGUNREMI and his co-conspirators shipped the fraudulently ordered office products to other locations overseas that were controlled by defendant OGUNREMI and his co-conspirators.

14.  It was further part of the conspiracy that once the shipments were received overseas, defendant OGUNREMI and his co-conspirators would arrange to sell the fraudulently obtained goods for a profit.

In violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION

1. The allegations contained in this Indictment are hereby incorporated and realleged by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The United States hereby gives notice to defendant that, upon conviction of the offense charged in this Indictment, the United States will seek forfeiture, in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offense.

3. If by any act or omission of defendant any of the property subject to forfeiture described above:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

A TRUE BILL

███████████████

FOREPERSON

_____
CRAIG CARPENITO
United States Attorney

6

CASE NUMBER: 18-586 (WHW)

**United States District Court**
**District of New Jersey**

**UNITED STATES OF AMERICA**

v.

**OLUMIDE JUBRIL OGUNREMI**

**INDICTMENT**
**CHARGING VIOLATION OF**

18 U.S.C. § 1349

**A TRUE BILL,**

**CRAIG CARPENITO**
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

SHANA W. CHEN
*ASSISTANT U.S. ATTORNEY*
973-353-6095

USA-48AD 8
(Ed. 1/97)